Dear Mr. Katz:
You have requested an opinion of the Attorney General regarding the use of a 5.0 mill ad valorem tax by a hospital service district for the purpose of defraying the cost of design plans and specifications for community based residences to be constructed and owned by a third party and leased to the district.
We direct your attention to R.S. 46:1065 which provides:
 "Whenever an election shall be called by the governing body of the district for the purpose of submitting to the qualified electors of any hospital service district the question of incurring debt and issuing bonds for the purpose of acquiring property to be used for hospital purposes, the governing body of the district may in the same election submit to the qualified electors of the district, in the manner provided by Part II of Chapter 4 of Title 39 of the Louisiana Revised Statutes, a proposition to levy a special tax not to exceed five mills on the dollar for a period not to exceed ten years for the purpose of constructing, maintaining and operating the district's hospital facilities." (Emphasis added.)
It is our understanding from the information furnished to us, that the tax proposition submitted to, and passed by, the voters residing within the district authorized the incurring of said tax ". . . not to exceed 5 mills for a period not to exceed 10 years for the purpose of (1) construction, (2)
maintaining, and (3) operating the district'shospital facilities." (Emphasis added)
R.S. 39:704 provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
Since the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the millage. The tax proposition authorizes the use of the property tax revenues for purposes specifically related to the construction, maintenance and operation of the district's facilities.
It is the opinion of this office that the phrase "district's hospital facilities", in its ordinary sense, means facilities acquired and owned by the district.
It is the opinion of this office that design plans and specifications constitute an integral part of the construction of a facility and, as such, are clearly contemplated within the ordinary sense of the word "construction". However, the facility, in question, will not be acquired or owned by the district.
Accordingly, the proceeds of the ad valorem tax, in question, may not be used for the costs of the design plans and specifications for a facility to be constructed and owned by a third party, and leased to the facility.
Trusting this answers your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB[3]/cla
Mr. Stephen J. Katz Attorney for the G.B. Cooley Hospital in Ouachita Parish 411 South Washington Bastrop, Louisiana 71220
DATE RECEIVED:
DATE RELEASED:
Robert E. Harroun, III Assistant Attorney General